FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 21 2013   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LISA YOUNG,

                    Plaintiff,

          -against-

LORD & TAYLOR, LLC, NRDC EQUITY
PARTNERS, NICOLE CINTORINO, DEBBIE
SAVAGE, JEFF MILLER, RONNIE SCHALL,
JANINE GRUEN, LEAH FERRARA, KRISTA
DOWNER, and KYRA GRILL,

                    Defendants.
-----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 12-2108

(Wexler, J.)

APPEARANCES:

Kristina S. Heuser, P.C.
By: Kristina S. Heuser, Esq.
Post office Box 672
Locust Valley, NY 11560
Attorneys for Plaintiff

Jackson Lewis LLP
By:     Roger H. Briton, Esq.
        Adam G. Guttell, Esq.
58 South Service Road, Suite 410
Melville, NY 11747
Attorney for Defendants Lord & Taylor
LLC, Hudson's Bay Company
(incorrectly sued as NRDC Equity
Partners), Nicole Cintorian, Krita Downer,
Janine Gruen, and Kyra Grill

WEXLER, District Judge:

        Plaintiff Lisa Young ("Young" or "Plaintiff") brings this action claiming violations of the

Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act

("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C §§ 1981, 1985

and 1986. Defendants Lord & Taylor LLC, ("Lord & Taylor"), NRDC Equity Partners[1], Nicole Cintorino, Krista Downer, Janine Gruen, and Kyra Grill (collectively, the "Defendants")[2] move to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P."), Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. For the reasons that follow, Defendants' motion is granted in its entirety.

BACKGROUND

According to Plaintiff's complaint, she is a 77 year old black-Hispanic woman originating from Puerto Rico who suffers from carpel tunnel syndrome, inflammatory arthropathy and tenosynoritis, and who worked at Lord & Taylor for 15 years. Complaint ("Cmplt."), ¶ 5. When Young first developed her symptoms nine years ago, she was moved to the watch department and worked there until January 2009, when she was assigned to the dress department. Cmplt., ¶ 19-20. Ms. Young claims that because of her disability, she had difficulty carrying the dresses, cleaning the dressing room, and performing other tasks as required. Cmplt., ¶ 23-34. When she explained to her manager Nicole Cintorino that she had difficulty carrying the dresses, etc., she was told, according to her -- facetiously -- to carry one dress at a time. Another time it was recommended she use a pole, and on yet another occasion, she was asked instead to put sensors on clothing, all of which she says were very difficult for her and worsened her symptoms. Cmplt., ¶ 23-34.

---

[1]The defense counsel claims this party should correctly be named Hudson's Bay Company.

[2]According to the court docket, other defendants, Debbie Savage, Jeff Miller, Robbie Schall and Leah Ferrara, have not been served with the complaint and have not appeared in this action.

Thereafter, Plaintiff was told various complaints were lodged against her, including from customers (which Plaintiff found hard to believe), and she was warned that if another complaint was received, she would be fired. Cmplt., ¶ 40-46. A subsequent complaint did come in from another manager, and Plaintiff was terminated on March 5, 2009. Cmplt., ¶ 47-55.

On March 16, 2009, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR") alleging unlawful discrimination because of her disability (the "NYSDHR Complaint"). On September 30, 2010, NYSDHS issued a Determination and Order After Investigation (the "Order") finding that there was no probable cause that Plaintiff suffered discrimination due to disability in violation of New York law.[3] The Order further noted that any potential claim under the ADA had to be pursued within 15 days with the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff sought such a review. On October 20, 2010, the EEOC issued a Right to Sue letter ("EEOC letter"), adopting the findings of the NYSDHR, and informing Plaintiff that any federal lawsuit had to be filed within ninety (90) days of receipt of the notice. See EEOC letter, attached to complaint. Plaintiff filed this lawsuit on April 30, 2012.

DISCUSSION

I.    Legal Principles

    A.    Standards on Motion to Dismiss

Defendants move under Rule 12(b)(1) for lack of subject matter jurisdiction, and Rule

---

[3]In support of their motion to dismiss, Defendants submitted Plaintiff's NYSDHR Complaint and the Order. See Affirmation of Roger H. Briton, ("Briton Aff."), Exs. B and C. Since they are referenced in the complaint, it is appropriate to review them under a Rule 12(b)(6) motion. See Hayden v. County. of Nassau, 180 F.3d 42, 54 (2d Cir.1999).

12(b)(1) for failure to state a claim. When evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, while the Court must accept as true all allegations in the complaint, it may refer to evidence outside the pleadings to resolve disputed issues of jurisdiction. Antares Aircraft, L.P. v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991) (citations omitted); Woodcock v. Montefiore Med. Ctr., 48 F.Supp.2d 231 (E.D.N.Y. 1999).

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true, and draw all reasonable inferences in favor of plaintiffs. Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court articulated the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1959. Further, a pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, 129 S. Ct. at 1950.

II.    Disposition of the Present Motion

    A.    Plaintiff's ADA Claim

Plaintiff's Right to Sue letter from the EEOC, dated September 30, 2010, advised Plaintiff that she had ninety (90) days to file a lawsuit if she chose to do so. See 42 U.S.C. §§ 12117(a) (adopting Title VII limitations period for the ADA, 42 U.S.C. § 2000e–5(f) (requiring

-4-

that action must be brought within ninety days of notification of right to sue). This action was filed on April 12, 2012, well after that ninety (90) day time period.

As this Court has previously noted, "[t]he ninety day time period is not a jurisdictional requirement for commencement of an action in the district court. Instead, the time limit is in the nature of a statute of limitations which may be tolled in certain situations." Richards v. North Shore Long Island, 2011 WL 6102055, *3 (E.D.N.Y. 2011), citing Zipes v. Trans World Airlines. Inc., 455 U.S. 385, 398, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir.1989).

Plaintiff acknowledges that her complaint was filed late, but argues it should be excused because an employee in Plaintiff's counsel's office, "Anne," claimed to have filed the complaint, even when repeatedly asked, but in fact had not. When Plaintiff's counsel checked the court docket several months later and discovered the complaint had not been filed, she filed it the next day. Plaintiff argues that these "extraordinary circumstances" permit the court to apply the doctrine of equitable tolling, arguing that the delayed filing was not the fault of Plaintiff herself, and Defendants have not suffered in any way by the late filing.

The Second Circuit has stated that "equitable tolling is only appropriate 'in [ ] rare and exceptional circumstance[s],' in which a party is 'prevented in some extraordinary way from exercising his rights.'" Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80-81 (2d Cir. 2003), quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) and Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir.1996).

Equitable tolling is generally considered appropriate "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period, where plaintiff

-5-

was unaware of his or her cause of action due to the misleading conduct of the defendant, or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion. Zerilli-Edelglass, 333 F.3d at 80 (citations omitted). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply. Id., at 80-81, quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002).

 The circumstances of this case are not sufficiently "extraordinary" to warrant equitable tolling. As correctly stated in the affirmation of Plaintiff's counsel, the complaint had to be filed on or about January 20, 2011. See Affirmation of Kristina S. Heuser, ¶ 7. Plaintiff's counsel states that she was repeatedly assured by her employee "Anne" that it had been filed. Finally, in late April 2012, approximately 15 months after the complaint was due to be filed and finally curious she had not heard anything, Plaintiff's counsel checked the court docket and discovered the filing had never taken place. Anne was not available for an explanation, and Plaintiff's counsel does not detail when Anne stopped working for her. Plaintiff and her counsel's theory that Anne "purposefully sabotaged" Plaintiff's case is unpersuasive, and does not excuse Plaintiff or her counsel from being more diligent in ensuring the complaint was filed after so much time had passed. The court finds that the equitable tolling doctrine does not apply. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling was not proper where plaintiff's attorney was out of the country when EEOC notice arrived and does not "extend to at best a garden variety claim is excusable neglect"); South

-6-

v. Saab Cars USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994) (lack of due diligence on the part of plaintiff's attorney is insufficient to justify application of an equitable toll); Johnson v. St. Barnabas Nursing Home, 588 F.Supp.2d 465, 469 (S.D.N.Y. 2008), aff'd on other grounds, 368 Fed.Appx. 246 (2d Cir. 2010) (90-day filing period not tolled because attorney allegedly misplaced right to sue letter). The case law cited by Plaintiff is not persuasive.[4] Therefore, Defendants' motion to dismiss Plaintiff's ADA claim is hereby dismissed.

      B.    Plaintiff's ADEA and TITLE VII claims

Defendants argue that Plaintiff's claims under the ADEA and Title VII must be dismissed for being untimely for the reasons discussed above. Defendants also argue that because they are not reasonably related to Plaintiff's disability claim and since Plaintiff did not file an administrative charge on these claims, her administrative remedies have not been exhausted and the claims must be dismissed.

Plaintiff argues that when completing her NYSDHR complaint, she was guided by those employees as to what to claim, and that in any event, the age and racial and national origin discriminations she claims occurred in violation of the ADEA and Title VII are reasonably related to her ADA disability claim.

It is well-settled in the Second Circuit that a plaintiff may bring an employment

---

[4] Plaintiff cites Baldayaque v. U.S., 338 F.3d 145 (2d Cir. 2003). In that case, the petitioner did not file a habeas petition following his criminal conviction because his attorney advised him incorrectly on a number of things, including that it was too late to file a habeas petition. The Second Circuit did not toll the time; instead, it found the circumstances might be extraordinary enough to warrant equitable tolling, and remanded for a determination on whether the petitioner was reasonably diligent in protecting his rights and whether the attorney's acts prevented petitioner from filing a timely petition, thus entitling a *pro se* late filing of the habeas petition. That is not this case.

discrimination action under Title VII or the ADEA only after filing a timely charge with the

EEOC or with "a State or local agency with authority to grant or seek relief from such practice."

42 U.S.C. § 2000e-5(e) (Title VII); see 29 U.S.C. §§ 626(d), 633(b) (ADEA).  Holtz v.

Rockefeller & Co., Inc., 258 F.3d 62, 82-83 (2d Cir. 2001).  Exhaustion of remedies is a

precondition to suit, rather than a jurisdictional requirement.  Francis v. City of New York, 235

F.3d 763, 768 (2d Cir.2000).  A plaintiff typically may raise in a district court complaint only

those claims that either were included in or are "reasonably related to" the allegations contained

in her EEOC charge.  Holtz v. Rockefeller & Co., Inc., 258 F.3d at 83, citing Butts v. City of

New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), superseded by

statute on other grounds as noted in Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 693 (2d.

Cir.1998)  (Title VII) and Malarkey v. Texaco, Inc., 983 F.2d 1204, 1208 (2d Cir.1993) (ADEA).

There are three situations where claims not alleged in the EEOC are "reasonably related"

to that charge: (1) where the conduct complained of would fall within the "scope of the EEOC

investigation which can reasonably be expected to grow out of the charge of discrimination"; (2)

a claim "alleging retaliation by an employer against an employee for filing an EEOC charge";

and (3) where the "plaintiff alleges further incidents of discrimination carried out in precisely the

same manner alleged in the EEOC charge."  Butts, 990 F.2d at 1402-1403.

The first type is the only reasoning applicable here.  The Second Circuit has recognized

that "[a] claim is considered reasonably related if the conduct complained of would fall within

the scope of the EEOC investigation which can reasonably be expected to grow out of the charge

that was made."  Williams v. New York City Housing Authority, 458 F.3d 67, 70 (2d Cir. 2006),

quoting Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir.2001) (internal quotations

omitted).  "In determining whether claims are reasonably related, the focus should be 'on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving.'" Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir.2003) (quoting Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 637 (9th Cir.2002)). The central question is whether the complaint filed with the EEOC gave that agency "adequate notice to investigate discrimination on both bases." Williams, 458 F.3d at 70 (citations omitted).

Plaintiff's NYSDHR Complaint clearly alleges only disability discrimination. See Briton Aff., Ex B.  She cites only "disability" as the "Basis" for her complaint despite ample opportunity to check other bases.  In the "Description of Discrimination," she explains only her disability, her difficulty in peforming her job, and the worsening of her symptoms as a result. Id.  There is nothing in her NYSDHR Complaint that alleges age, race, ethnicity or national origin discrimination, and therefore no reason that those claims of discrimination would be investigated. As a result, those claims under the ADEA and Title VII are not reasonably related to Plaintiff's EEOC charge of disability, and are barred for failure to exhaust administrative remedies. See Hanrahan v. Riverhead Nursing Home, Inc., 593 F.Supp.2d 487, 491 (E.D.N.Y. 2009), rev'd on other grounds, 592 F.3d 367 (2d Cir. 2010) (claims of gender and age discrimination are not related to claims of disability discrimination).

C.    42 U.S.C. §1981

Plaintiff's fifth cause of action alleges that Defendants violated 42 U.S.C. § 1981 by terminating Plaintiff's employment based on her race, ethnicity, and/or national origin. Defendants argue that Plaintiff's complaint fails to sufficiently state this cause of action.

To establish a claim under § 1981, a plaintiff must allege facts in support of the following

elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the

basis of race by the defendant; and (3) the discrimination concerned one or more of the activities

enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).

Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993)

(citations omitted).

As noted above, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) the Supreme

Court stated that a plaintiff must plead enough facts "to state a claim for relief that is plausible on

its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

(2009). Thus, "formulaic recitation of cause of action's elements will not do. Factual allegations

must be enough to raise a right to relief above the speculative level." Id. at 1959. Further, a

pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the

doors of discovery." Iqbal, 129 S. Ct. at 1950.

Plaintiff's complaint states that she is a 77 year old black-Hispanic woman originating

from Puerto Rico, and then outlines in detail the nature of her disability, how her job

responsibilities affected her symptoms, what happened when she raised it with her manager and

how she was treated. Cmplt., ¶ 16-59. There are no additional factual allegations about age, race

or national origin; just merely the conclusory allegation that she was terminated on the basis of

her age, race and/or national origin in asserting this claim under 42 U.S.C. § 1981. Cmplt., ¶ 72.

In opposition to Defendants' motion, Plaintiff submitted an affidavit stating that the atmosphere

changed when a new parent company took over, and that "I cannot say for certain whether I was

targeted because I was older..., because my skin was darker, because of my accent, because I am

from Puerto Rico, or some combination of all these characteristics. I think I should be allowed

the opportunity...to get to the bottom of this once and for all." Affidavit of Lisa Young, ¶ 7.
Plaintiff further attests that she thinks she was discriminated because she did "not fit in with
them" and that they wanted to make room for "someone more like them." Id.

These conclusory allegations that do not contain facts do not substantiate a claim under
42 U.S.C. § 1981. See Zavalidroga v. Cote, 740 (2d Cir. 2010), cert. denied, 131 S.Ct. 2448
(2011), citing Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087-88 (2d
Cir.1993) (plaintiff's wholly conclusory claims without sufficient facts fails to state a claim
under § 1981); Masjid Al-Tawheed, Inc. v. Town of Putney, 336 Fed.Appx. 60, 61-62 (2d Cir.
2009). As a result, this claim is dismissed.[5]

>    D.    42 U.S.C. §§1985 & 1986 claims

To substantiate her claim under 42 U.S.C. §1985, Plaintiff's complaint alleges that
"Defendants conspired together...to discriminate against plaintiff and unlawfully deprive her of
her civil and constitutional rights." Cmplt., ¶ 74. Further, the complaint alleges a violation of 42
U.S.C. § 1986, stating that "[n]one of the [D]efendants, in spite of knowing about plaintiff's civil
rights being violated...intervened on plaintiff's behalf to prevent plaintiff from being maltreated
in violation of the laws of the United States." Cmplt., ¶ 76.

The applicable statute of limitations period governing § 1985 actions is three years from

---

[5]In her memorandum in opposition to Defendants' motion, but without making a motion,
Plaintiff requests leave to amend her claim on this claim pursuant to Fed. Rules. Civ. Pro., Rule
15(a)(2). Nor has Plaintiff submitted a proposed amended pleading. In light of Plaintiff's
inability in her affidavit to attest to any facts to support this claim in opposition to this motion,
the Court finds that Plaintiff's request for leave to amend the complaint is futile, and is therefore
denied. See Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001) (a cross-motion
for leave to file an amended complaint made in response to a motion to dismiss is denied as futile
if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss) (citations omitted); see
also Goldberg v. Cablevision Systems Corp., 193 F.Supp.2d 588, 598 (E.D.N.Y. 2002).

the time the claim accrued. Pressley v. City of New York, 2013 WL 145747, *8 (E.D.N.Y. 2013), quoting Paige v. Police Dept. of Schenectady, 264 F.3d 197, 199 n. 2 (2d Cir.2001) ("[t]he statute of limitations for actions brought pursuant to §§ 1983 and 1985 is three years."). A claim under 42 U.S.C. § 1986 must be commenced within one year. 42 U.S.C. § 1986; Vazquez v. Littles, 2006 WL 3359072, *2 (E.D.N.Y. 2006). Under federal law, the claim accrues when the plaintiff knows or has reason to know of the harm or injury that is the basis of his action. Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994), abrogated in part on other grounds, Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).

Plaintiff's claim accrued on the day she was terminated, which was on March 5, 2009. This complaint was filed on April 30, 2012, more than three years later. For the reasons discussed above, the doctrine of equitable tolling does not apply, and therefore Plaintiff's claims under 42 U.S.C. § 1985 and 1986 are hereby dismissed as untimely.[6]

### CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss Plaintiff's complaint is granted in its entirety. The Clerk of the Court is directed to close the case.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
March 2, 2013

---

[6]In her opposition papers, Plaintiff did not respond to Defendants' argument that these claims are untimely.

-12-